Robert C. Niesley, Esq. (SBN 131373)
rniesley@watttieder.com
Joneis M. Phan, Esq. (SBN 248065)
jphan@watttieder.com
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
4 Park Plaza, Suite 1000
Irvine, California 92614
Telephone: 949-852-6700
Facsimile: 949-261-0771

Attorneys for Plaintiff
SURETEC INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SURETEC INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JORY CORPORATION, a California corporation; JOHN JORY, LLC, a California limited liability company; JORY PROPERTIES, LLC, a California limited liability company; SHARON JORY, an individual; KENNETH A. JOHNSON, an individual; SHARON JORY trustee of the JORY FAMILY TRUST DATED APRIL 13, 1999; KENNETH A. JOHNSON II, trustee of the KENNY AND JULIA JOHNSON FAMILY TRUST; and DOES 1-50,<br><br>Defendants. | CASE NO.:<br><br>**SURETEC INSURANCE COMPANY'S INDEMNITY COMPLAINT**<br><br>(1)  **Breach of Contract (Indemnity Agreement);**<br><br>(2)  **Declaratory Relief;**<br><br>(3)  **Quia Timet; and**<br><br>(4)  **Specific Performance.** |

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 1 -

SURETEC INSURANCE COMPANY'S INDEMNITY COMPLAINT

Plaintiff SURETEC Insurance Company, a Texas corporation, ("SURETEC") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action. This court has diversity jurisdiction under 28 U.S.C. § 1332, in that this action is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand ($75,000.00) dollars.

2. Venue is proper in this judicial district because the individual Defendants conduct business in Orange County, California.

## GENERAL ALLEGATIONS

3. SURETEC is, and at all relevant times herein was, a corporation duly organized and existing by virtue of the laws of Texas. Based on the following facts, SURETEC's principal place of business is in Houston, Texas:

    a. SURETEC's headquarters is located in Houston, Texas. The Houston office is in the main administrative office for SURETEC and contains the substantial predominance of corporation operations.

    b. The Houston office houses more SURETEC employees than any other SURETEC office in any other state.

    c. The Houston office is the primary location for all of SURETEC's books and records.

    d. The greatest percentage of SURETEC's tangible property is located in the State of Texas. This tangible property consists of offices, books, and records.

    e. SURETEC generates a substantial percentage of its income in the State of Texas.

4. Additionally, based on the following facts, SURTEC's nerve center is located in Houston, Texas:

///

a. SURETEC's headquarters is located in Houston, Texas. The Houston office is the main administrative office for SURETEC and contains the substantial predominance of corporate operations.

b. The Houston office is where many of SURETEC's executive and administrative functions are performed. A significant amount of the decisions regarding business strategies, management of corporate assets and finances, and corporate governance are made in Houston, Texas.

5. At all relevant times, SURETEC was duly licensed to conduct business in the State of California. SURETEC is an admitted surety insurer in the State of California, among other jurisdictions, and issues performance bonds, among other bonds, and lines of insurance in the course of its business.

6. SURETEC is informed and believes and thereon alleges that Defendant JOHN JORY CORPORATION ("JORY CORPORATION") is, or was, at all times relevant herein, a corporation duly licensed to do business in the State of California, and doing business in the City of Orange, County of Orange, State of California.

7. Additionally, SURETEC is informed and believes that JORY CORPORATION's principal place of business is in the City of Orange, County of Orange, State of California based on the following facts:

a. SURETEC is informed and believes that JORY CORPORATION's headquarters is located at 2180 N. Glassell Street, Orange, California, 92865. The Orange office is in the main administrative office for JORY CORPORATION and contains the substantial predominance of corporation operations.

b. SURETEC is informed and believes that the Orange office houses more JOHN JORY employees than any other JOHN JORY office in any other state.

c. SURETEC is informed and believes that the Orange office is the primary location for all of JOHN JORY's books and records.

///

d.  SURETEC is informed and believes that the greatest percentage of JOHN JORY's tangible property is located in the State of California. This tangible property consists of offices, books, and records.

e.  SURETEC is informed and believes that JOHN JORY generates a substantial percentage of its income in the State of California.

8.  SURETEC is informed and believes and thereon alleges that Defendant SHARON JORY ("SHARON JORY") is, or was, at all times relevant herein, an individual residing and/or doing business in the State of California, County of Orange.

9.  SURETEC is informed and believes and thereon alleges that Defendant KENNETH A. JOHNSON is ("KENNETH JOHNSON") is, or was, at all times relevant herein, an individual residing and/or doing business in the State of California, County of Orange.

10.  SURETEC is informed and believes and thereon alleges that Defendant JORY PROPERTIES, LLC ("JORY PROPERTIES") is, or was, at all times relevant herein, a limited liability company duly licensed to do business in the State of California, and doing business in the City of Orange, County of Orange, State of California.

11.  Additionally, SURETEC is informed and believes and thereon alleges that Defendant JORY PROPERTIES is, or was, at all times relevant herein, a limited liability company, owned and operated by members, SHARON JORY and KENNETH JOHNSON, individuals residing and/or doing business in the State of California, County of Orange.

12.  SURETEC is informed and believes and thereon alleges that Defendant JOHN JORY, LLC ("JORY LLC") is, or was, at all times relevant herein, a limited liability company duly licensed to do business in the State of California, and doing business in the City of Orange, County of Orange, State of California.

///

13. Additionally, SURETEC is informed and believes and thereon alleges that Defendant JORY LLC is, or was, at all times relevant herein, a limited liability company, owned and operated by members, SHARON JORY and KENNETH JOHNSON, individuals residing and/or doing business in the State of California, County of Orange.

14. SURETEC is informed and believes and thereon alleges that Defendant SHARON JORY, Trustee of the JORY FAMILY TRUST DATED APRIL 13, 1999 ("SHARON JORY TRUSTEE) is, or was, at all times relevant herein, an individual residing and/or doing business in the State of California, County of Orange.

15. SURETEC is informed and believes and thereon alleges that Defendant KENNETH A. JOHNSON II, Trustee of the KENNY AND JULIA JOHNSON FAMILY TRUST ("KENENTH JOHNSON TRUSTEE) is, or was, at all times relevant herein, an individual residing and/or doing business in the State of California, County of Orange.

16. JOHN JORY CORPORATION; JOHN JORY, LLC; JORY PROPERTIES, LLC; SHARON JORY, an individual; KENNETH A. JOHNSON, an individual; SHARON JORY trustee of the JORY FAMILY TRUST DATED APRIL 13, 1999; KENNETH A. JOHNSON II, trustee of the KENNY AND JULIA JOHNSON FAMILY TRUST are collectively referred to herein as "INDEMNITORS".

17. On or about May 21, 2014, INDEMNITORS, executed a General Indemnity Agreement (the "Indemnity Agreement") in favor of SURETEC. Attached hereto as **Exhibit A** is a true and correct copy of the Indemnity Agreement, which is incorporated herein by reference.

18. Under Paragraph 2 of the terms of the Indemnity Agreement, INDEMNITORS must indemnify and hold harmless SURETEC from any and all loss and expense incurred in connection with SURETEC's issuance of any bond on behalf of Defendants. The Indemnity Agreement states, in relevant part:

> "The Indemnitors shall indemnify and save the Company [SURETEC] from and against every claim, demand, liability, cost, loss, charge, suit, judgment, award, fine, penalty, and expense which the Company [SURETEC] may pay, suffer, or incur in consequence of having executed, delivered, or procured the execution of such bonds…including, but not limited to, court costs, collection fees, mediation, and facilitation fees and expenses, funds disbursement and escrow fees, fees and expenses of attorneys, accountants, adjusters, inspectors, experts, and consultants…and the expense of determining liability, or procuring, or attempting to procure, release from liability, or in bringing suit or claim to enforce the obligation of any of the Indemnitors under this Agreement."

(Exhibit A, Indemnity Agreement).

19. The Indemnity Agreement further states that evidence of payments made by SURETEC under its obligation of suretyship is prima facie evidence against INDEMNITORS of INDEMNNITORS' liability to SURETEC under said obligation. The Indemnity Agreement states, in relevant part:

> "In the event of payment by the Company [SURETEC], a voucher, affidavit, bordereaux or other evidence of such payments are prima facie evidence of the amount paid, propriety thereof, and of the Indemnitor's liability therefor to the Company [SURETEC]…" (Exhibit A, Indemnity Agreement).

20. The terms of the Indemnity Agreement also require that INDEMNITORS set up a reserve to cover any claim, suit, or judgment under the bond upon demand by SURETEC. The Indemnity Agreement states, in relevant part:

> "If for any reason the Company [SURETEC] shall deem it necessary to increase a reserve to cover any possible liability or loss, the Indemnitors will deposit with Company [SURETEC], immediately upon demand, a sum of money equal to any increase thereof as collateral security to the Company [SURETEC] for such liability or loss." (Exhibit A, Indemnity Agreement.)

### THE PARK BOND

21. Pursuant to the request of INDEMNITORS, and in reliance upon the terms and execution of the Indemnity Agreement, SURETEC furnished a Performance Bond numbered 4406606 in the amount of Six Million, Nine Hundred

Thousand, Four Hundred and Seventy One Dollars 00/100 ($6,900,471.00) for JOHN JORY CORPORATON as principal in connection with a construction project known as "The Park at Banker's Hill Project" in San Diego, California. The bond, hereinafter referred to as "The Park Bond," names Balfour Beatty Construction, LLC as the obligee.

22. Thereafter, on April 26, 2018, a lawsuit was filed by Balfour Beatty Construction, LLC against JOHN JORY CORPORATION and SURETEC alleging JOHN JORY CORPORATION's abandonment of The Park at Banker's Hill Project, entitled *Balfour Beatty Construction, LLC v. John Jory Corporation, et al.,* County of San Diego, Central Division Case No. 37-2018-00020811-CU-BC-CTL (the "Lawsuit").

23. Balfour Beatty Construction, LLC's claim against SURETEC in the Lawsuit totals $1,533,041.48.

24. SURETEC also received a claim against the labor and material payment bond from JOHN JORY CORPORATION's scaffolding subcontractor, Brand Safeway, in the amount of $86,237.00 seeking payment for labor and materials supplied to The Park at Banker's Hill Project.

25. In accordance with SURETEC's rights under the Indemnity Agreement, SURETEC has incurred and will continue to incur costs, expenses and fees in investigating and defending Balfour Beatty Construction, LLC's Lawsuit, which is currently pending.

26. To date, INDEMNITORS have not reimbursed SURETEC for these costs and fees in any amount.

## NEVADA BOND

27. Pursuant to the request of INDEMNITORS, and in reliance upon the terms and execution of the Indemnity Agreement, SURETEC furnished a License Bond numbered 5182123, hereinafter referred to as "Nevada Bond," in the amount of $50,000.00 for JOHN JORY CORPORATON as principal in connection with a

construction project known as "Nevada Project" in Las Vegas, Nevada. The Park Bond and the Nevada Bond or sometimes hereinafter collectively referred to as the "Bonds."

28. SURETEC received a claim against the Nevada Bond from JOHN JORY CORPORATION's subcontractor, American National Insulation, in the amount of $29,415.05 seeking payment for labor and materials supplied to the Nevada Project.

29. In accordance with SURETEC's rights under the Indemnity Agreement, SURETEC has incurred and will continue to incur costs, expenses and fees in investigating and defending American National Insulation's claim.

30. To date, INDEMNITORS have not reimbursed SURETEC for these costs and fees in any amount.

## THE INDEMNITY DEMAND

31. On or about March 22, 2021, SURETEC made a demand for reimbursement of its costs, expenses and fees, and potential or actual liability under the Bonds. Attached hereto as **Exhibit B** is a true and correct copy of the March 22, 2021 Indemnity Demand.

32. Despite INDEMNITORS' clear contractual obligations to indemnify and reimburse SURETEC for its out-of-pocket expenses, as of the date of this Complaint, INDEMNITORS, and each of them, have failed and refused and continue to fail and refuse to reimburse SURETEC for its bond-related losses in any amount.

33. INDEMNITORS, and each of them, have failed and refused, and continue to fail and refuse, to otherwise perform their obligations under the Indemnity Agreement.

34. SURETEC has incurred, and will continue to incur, losses, including costs, expenses, and fees, as a result of executing the Bonds for JORY CORPORATION and as a result of the failure of INDEMNITORS to perform or comply with the respective Indemnity Agreement.

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

SURETEC INSURANCE COMPANY'S INDEMNITY COMPLAINT

35. SURETEC has incurred, and will continue to incur, costs and expenses incurred in connection with enforcing the Indemnity Agreement, including but not limited to, legal fees and expenses.

## FIRST CAUSE OF ACTION

**(Breach of the Indemnity Agreement against INDEMNITORS)**

36. SURETEC incorporates herein by reference Paragraphs 1 through 35 of this Complaint as if stated in full herein.

37. SURETEC is informed and believes and thereon alleges that INDEMNITORS requested that SURETEC issue the Bonds on behalf of Defendants and/or its affiliates.

38. As partial consideration for SURETEC's issuance of the Bonds, INDEMNITORS executed the Indemnity Agreement, whereby INDEMNITORS agreed to reimburse SURETEC for all losses, costs and expenses it incurs in connection with the Bonds.

39. The ensuing lawsuit and claims on the Bonds caused SURETEC, and will continue to cause SURETEC, to incur losses, including costs, expenses and fees, all in amounts according to proof.

40. INDEMNITORS are currently in breach and default of their obligations under the Indemnity Agreement.

41. Despite SURETEC's demand to INDEMNITORS that each fulfill their obligations under the Indemnity Agreement, INDEMNITORS have failed and refused to do so (and continue to fail and refuse) to deposit collateral in any amount with SURETEC and/or indemnify and hold SURETEC harmless for its losses under the terms of the Indemnity Agreement.

42. SURETEC has performed all the terms, covenants and conditions required of it under the terms of the Indemnity Agreement or has been excused from doing so by INDEMNITORS.

///

43. INDEMNITORS' breaches and defaults of the Indemnity Agreement have not been waived or excused by SURETEC.

44. As a direct and proximate result of the breach of the Indemnity Agreement by INDEMNITORS, SURETEC has incurred losses, costs and expenses in excess of $14,977.45, plus interest, plus the costs of collection, according to proof. Further, SURETEC anticipates it will continue to incur losses, costs and expenses in excess of $150,000.00 to defend itself in the Lawsuit.

45. SURETEC was required to retain legal counsel to prosecute the instant action. Pursuant to the terms of the Indemnity Agreement, SURETEC is entitled to an award of its attorneys' fees, costs, and expenses incurred herein.

## SECOND CAUSE OF ACTION
### (Quia Timet)

46. SURETEC incorporates herein by reference Paragraphs 1 through 45 of this Complaint as if stated in full herein.

47. SURETEC believes that INDEMNITORS are obligated under the doctrine of Quia Timet to deposit collateral security and to reimburse SURETEC for all losses and expenses that will be incurred as a consequence of having issued the Bonds to JORY CORPORATION.

48. SURETEC believes that, based upon INDEMNITORS' unwillingness to indemnify SURETEC and their failure to deposit collateral security, INDEMNITORS will attempt to avoid their obligations to reimburse SURETEC for all losses and expenses that will be incurred by SURETEC as a consequence of issuing the Bonds to INDEMNITORS.

49. SURETEC has no adequate remedy at law for the injuries suffered and the injuries SURETEC will continue to suffer. SURETEC is informed, believes and thereon alleges that INDEMNITORS have exhibited a willingness to evade its obligations and may transfer assets in derogation of the legal and equitable rights of SURETEC. If INDEMNITORS are not enjoined immediately from transferring

Case 8:21-cv-01017-JLS-KES   Document 1   Filed 06/08/21   Page 11 of 14   Page ID #:11

assets, the assets may be disposed of permanently, and INDEMNITORS will render themselves insolvent, thereby irreparably harming SURETEC.

50. As a proximate result of the conduct of INDEMNITORS, SURETEC will be damaged so long as INDEMNITORS are able to evade their respective obligations to SURETEC by transferring assets. The full amount of this damage is not presently known by SURETEC, which will amend this complaint to state this amount when the same becomes known, or on proof of the damages.

51. SURETEC is entitled to receive a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining the INDEMNITORS, as well as any and all of their respective agents, servants, assignees, employees, officers, and all persons or entities acting thereunder, in concert with, or for INDEMNITORS, from transferring any assets absent further court order.

## THIRD CAUSE OF ACTION

**(Specific Performance of the Indemnity Agreement against INDEMNITORS)**

52. SURETEC incorporates herein by reference Paragraphs 1 through 51 as if stated in full herein.

53. SURETEC is informed and believes and thereon alleges that INDEMNITORS requested that SURETEC issue the Bonds on behalf of INDEMNITORS and/or its affiliates.

54. As partial consideration for SURETEC's issuance of the Bonds, INDEMNITORS executed the Indemnity Agreement, whereby INDEMNITORS agreed to reimburse SURETEC for all losses it incurs in connection with issued bonds.

55. SURETEC is entitled to judgment compelling INDEMNITORS to specifically perform pursuant to the terms of the Indemnity Agreement: (1) indemnify SURETEC for losses, expenses, costs and fees incurred in excess of $14,977.45, plus interest, plus the costs of collection, according to proof; and (2)

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

depositing collateral with SURETEC in an amount of $1,798,693.53, which is sufficient to discharge any anticipated loss, consisting of

    a.    $1,533,041.48 for Balfour Beatty Construction, LLC's claim against SURETEC in the Lawsuit;

    b.    $86,237.00 for JOHN JORY CORPORATION's scaffolding subcontractor, Brand Safeway's claim against SURETEC related to The Park at Banker's Hill Project;

    c.    $150,000.00 in anticipated fees and costs SURETEC will incur in defending itself in the Lawsuit; and

    d.    $29,415.05 for JOHN JORY CORPORATION's subcontractor, American National Insulation's claim against SURETECT related to the Nevada Project. See Safeco Ins. Co. of America v. Schwab, 739 F.2d 431 (9th Cir. 1984).

56. SURETEC's remedy at law is inadequate in that SURETEC is exposed to liability that is not fully liquidated now as the lawsuit and claims underlying the Bonds are still pending.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief by Plaintiff against INDEMNITORS)**

57. SURETEC incorporates herein by reference Paragraphs 1 through 56 as if stated in full herein.

58. An actual controversy has arisen and now exists between SURETEC and INDEMNITORS, and each of them, in that SURETEC contends and INDEMNITORS deny that, pursuant to the respective Indemnity Agreement, INDEMNITORS are obligated to indemnify SURETEC for the losses, costs, fees and expenses it incurs in connection with the Bonds.

59. SURETEC desires a judicial determination of the respective rights and duties of SURETEC and INDEMNITORS with respect to the meaning and interpretation of the Indemnity Agreement. In particular, SURETEC desires a declaration that, under the terms of the Indemnity Agreement: (1) INDEMNITORS

are obligated to procure the full and complete discharge of SURETEC under the Bonds; (2) INDEMNITORS are obligated to post collateral in the sum of $1,648,693.53 for the Bonds; and (3) INDEMNITORS are obligated to reimburse SURETEC for amounts SURETEC has incurred to date of $14,977.45 and/or will incur to satisfy INDEMNITORS' obligations on the Bonds, including losses, attorneys' fees, costs and expenses of $150,000.00.

## PRAYER FOR RELIEF

### ON THE FIRST CAUSE OF ACTION:

1. For all damages proximately caused by INDEMNITORS' breach of the Indemnity Agreement;
2. For interest thereon at the maximum legal rate;
3. For an award of attorneys' fees expended to prosecute this action;
4. For costs of suit herein; and
5. For such other and further relief deemed necessary and proper by the Court.

### ON THE SECOND CAUSE OF ACTION:

1. A temporary restraining order, preliminary and permanent injunction enjoining INDEMNITORS, their respective agents, servants, employees, officers and assigns, and each of them, from transferring any assets absent further court order;
2. For costs of suit herein; and
3. For such other and further relief deemed necessary and proper by the Court.

### ON THE THIRD CAUSE OF ACTION:

1. For an order compelling INDEMNITORS to comply with the terms of the Indemnity Agreement by: (1) reimbursing SURETEC for amounts SURETEC will incur to satisfy INDEMNITORS' obligations as the principal on the Bond; and (2) depositing collateral in an amount of $1,813,670.98, which is sufficient to discharge any loss or anticipated loss.

2. For all damages proximately caused by INDEMNITORS' respective breaches of the Indemnity Agreement;

3. For interest thereon at the legal rate;

4. For reasonable attorneys' fees and costs incurred herein, according to proof;

5. For costs of suit herein; and

6. For such other and further relief as the Court may deem necessary and proper.

### ON THE FOURTH CAUSE OF ACTION:

1. A judicial declaration that INDEMNITORS are jointly and severally obligated to reimburse SURETEC for amounts SURETEC will incur, with interest thereon pursuant to the terms of the Indemnity Agreement, to satisfy SURETEC's obligations on the Bond;

2. A judicial declaration that, under the terms of the Indemnity Agreement, INDEMNITORS are obligated to: (1) reimburse SURETEC for amounts SURETEC has incurred and will continue to incur, with interest thereon, to satisfy INDEMNITORS' obligations on the Bond; and (2) deposit collateral in an amount of $1,813,670.98, which is sufficient to discharge any loss or anticipated loss;

3. For costs of suit herein; and

4. For such other and further relief deemed necessary and proper by the Court.

Dated: June ___, 2021

          Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

          By: _____
          Robert C. Niesley
          Joneis M. Phan
          Attorneys for Plaintiff
          SURETEC INSURANCE COMPANY

12613238.1 103093.00019